O

FILED-SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG - 2 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| JASON ABHYANKAR,<br><br>    Petitioner,<br><br>v.<br><br>JAMES A. YATES, Warden,<br><br>    Respondent. | Case No. SACV 09-0696-JST (MLG)<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY |

    Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the petitioner. Because jurists of reason would not find it debatable whether this Court was correct in its ruling denying the petition, a COA is denied.

    Before a petitioner may appeal the Court's decision denying his petition, a COA must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The Court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App.P. 22(b).

//

1   The court determines whether to issue or deny a COA pursuant to
2   standards established in *Miller-El v. Cockrell*, 537 U.S. 322 (2003);
3   *Slack v. McDaniel*, 529 U.S. 473 (2000); and 28 U.S.C. § 2253(c). A COA
4   may be issued only where there has been a "substantial showing of the
5   denial of a constitutional right." 28 U.S.C. § 2253 (c)(2); *Miller-El*,
6   537 U.S. at 330. As part of that analysis, the Court must determine
7   whether "reasonable jurists would find the district court's assessment
8   of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at
9   484, *See also Miller-El*, 537 U.S. at 338.
10  In *Silva v. Woodford*, 279 F.3d 825, 832-33 (9th Cir. 2002), the
11  court noted that this amounts to a "modest standard". (Quoting
12  *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)). Indeed,
13  the standard for granting a COA has been characterized as "relatively
14  low". *Beardlee v. Brown*, 393 F.3d 899, 901 (9th Cir. 2004). A COA
15  should issue when the claims presented are "adequate to deserve
16  encouragement to proceed further." *Slack*, 529 U.S. at 483-84,
17  (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)); *see also*
18  *Silva*, 279 F.3d at 833. If reasonable jurists could "debate" whether
19  the petition could be resolved in a different manner, then the COA
20  should issue. *Miller-El*, 537 U.S. at 330.
21  Under this standard of review, a COA will be denied. In denying
22  the petition for writ of habeas corpus, the Court concluded, for the
23  reasons stated in the Magistrate Judge's Report and Recommendation,
24  that Petitioner was not entitled to habeas corpus relief on his claims
25  or prosecutorial misconduct, ineffective assistance of counsel,
26  insufficiency of the evidence, or evidentiary errors because he had
27  failed to show that the state court decisions were contrary to, or
28  involved an unreasonable application of, clearly established federal

1 | law or Supreme Court precedent. *Harrington v. Richter*, --- U.S. --- ,
2 | 131 S.Ct. 770, 783-84 (2011). Petitioner cannot make a colorable claim
3 | that jurists of reason would find debatable or wrong the decision
4 | denying the petition. Thus, Petitioner is not entitled to a COA.

5 | Therefore, pursuant to 28 U.S.C. § 2253, the Court DENIES a
6 | certificate of appealability.

8 | Dated: 08.02.11

Josephine Staton Tucker
United States District Judge

13 | Presented By:

Marc L. Goldman
United States Magistrate Judge